IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHER CONN,<br>　　　　Plaintiff, | :<br>:　CIVIL NO. 4:CV-06-2211<br>: |
| v. | :　(Judge Jones)<br>: |
| AHMED ABDEL SALAAM,<br>　　　　Defendant. | :<br>: |

# MEMORANDUM

May  １６ , 2008

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Asher Conn ("Plaintiff" or "Conn"), an inmate presently confined at the Federal Correctional Institution, in Butner, North Carolina ("FCI-Butner") initiated this pro se civil rights action. By Memorandum and Order dated January 22, 2008, this Court granted a Motion to Dismiss filed by all Defendants except Doctor Ahmed Abdel Salaam. (See Rec. Doc. 38).

The sole remaining Defendant, Doctor Salaam, is described in the Complaint as being an employee at Conn's prior place of confinement, the United States Penitentiary, in Lewisburg, Pennsylvania ("USP-Lewisburg"). Doctor Salaam has not been served with a copy of the Complaint. A return of service filed by the United States Marshal stated that service could not be completed on Doctor Salaam because he had retired from the Federal Bureau of Prisons ("BOP") and the BOP did not have a current address for its former employee.

(See Rec. Doc. 14). It was additionally noted that Doctor Salaam may be residing in Egypt. Id.

By Order dated April 24, 2008, Plaintiff was forewarned that his claims against Doctor Salaam would be dismissed without prejudice unless, within the twenty (20) days to follow, Conn could either provide a current address for Doctor Salam or provide good cause as to why this matter should not be dismissed without prejudice for failure to effect service.

The relevant time period has expired, and Plaintiff has neither provided a current address for Doctor Salaam nor attempted to provide good cause as to why this matter should not be dismissed without prejudice.[1]

When there has been a failure to timely serve a complaint upon a defendant as contemplated under Federal Rule of Civil Procedure 4(m), a court, after giving the plaintiff appropriate notice, may dismiss the complaint for failure to comply with Rule 4(m) and for failure to prosecute under Federal Rule of Civil Procedure 41(b). See Liu v. Oriental Buffett, 134 Fed. Appx. 544, 546-7 (3d Cir. 2005); Gebhardt v. Borough of Island Heights, 2007 WL 4355465, at *1 (D.N.J. Dec. 7, 2007).

Because this matter has been pending since November of 2006, and

---

[1] Conn submitted a Motion for Appointment of Counsel (doc. 43) during the intervening time period, which was recently denied by this Court (doc. 44). However, said Motion was not responsive to our April 24, 2008 Order.

2

because the current address for Doctor Salaam still apparently remains unknown, despite our recent warning to Plaintiff, the dismissal of this action without prejudice for failure to effect service on the sole remaining Defendant is appropriate.

An appropriate Order closing this action shall issue on today's date.